UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARVEST CATHEDRAL D/B/A MESSIAH MONTESSORI | CIVIL ACTION |
| VERSUS | NO: 23-5664 |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | SECTION: T (2) |

## ORDER AND REASONS

Before the Court are various motions to strike. R. Docs. 41, 42, 44, 52. For the following reasons, Defendant's Motion to Strike Plaintiff's Expert Witnesses, R. Doc. 41, is **GRANTED IN PART AND DENIED IN PART**; Defendant's Motion to Strike Plaintiff's Lay Witnesses and Exhibit List, R. Doc. 42, is **GRANTED**; Plaintiff's Motion to Strike Defendant's Expert Witnesses, R. Doc. 44, is **DENIED**; and Defendant's Motion to Strike Plaintiff's Engineering Report, R. Doc. 52, is **DENIED**.

## BACKGROUND

1. **Factual History**

This is a Hurricane Ida case. Both parties have filed dueling motions to exclude expert witnesses, and the defendant seeks to exclude the plaintiff's lay witnesses and exhibit list. R. Docs. 41, 42, 44, 52.

The plaintiff is Harvest Cathedral d/b/a Messiah Montessori ("Plaintiff"). It owns three church buildings located in Houma, Louisiana ("the Buildings"). Plaintiff alleges the Buildings suffered damage during Hurricane Ida on August 29, 2021. It filed a claim with its insurance company, Church Mutual Insurance Company, S.I., ("Defendant"). Dissatisfied with the way its

1

claim was handled, including both the payment it received and the time it took to receive payment, Plaintiff filed this lawsuit. Plaintiff's complaint alleges breach of contract and bad faith under La. R.S. 22:1892 and 22:1973. R. Doc. 1-3.

Defendant issued Policy No. 0113927-02-208748 to Plaintiff for the period of April 10, 2021, to April 10, 2022 ("the Policy"). The Policy insured the Buildings and was in effect at landfall. It contains a blanket limit of insurance of $4,244,400.00 for building and personal property.

2. **Procedural History**

The Court's Amended Scheduling Order set a deadline of December 19, 2024, for Plaintiff's Expert Reports and a deadline of January 17, 2025, for Defendant's Expert Reports. R. Doc. 19. On December 13, 2024, the parties jointly moved for a 15-day extension to each deadline. R. Doc. 26. The Court granted the motion and continued Plaintiff's Expert Report Deadline to January 3, 2025. R. Doc. 28. The parties then informally agreed to continue Plaintiff's Expert Report Deadline to January 7, 2025. R. Doc. 41-1 at p. 3. On January 7, 2025, Plaintiff, through counsel, emailed Defendant its Rule 26 Expert Disclosures and asked Defendant to confirm receipt. R. Doc. 54-2. Defendant's counsel, however, emailed Plaintiff's counsel the next day stating they did not receive the documents. R. Doc. 54-7 at p. 2. Plaintiff then sent a new email and Defendant received Plaintiff's Rule 26 Expert Disclosures a day late—on January 8, 2025. R. Doc. 54-7 at p. 1.

In Plaintiff's Rule 26 Expert Disclosures, Plaintiff lists three retained experts: Rick Nelson and Matthew Merrell from The Structural Alliance ("TSA") (collectively the "TSA witnesses"), and Michael Fried from Strategic Claims Consulting. R. Doc. 41-1 at pp. 1-2. Plaintiff also listed

twelve (12) non-retained experts, mostly tradesmen who had evaluated the Buildings as part of the claims process. However, Plaintiff's Rule 26 disclosure did not include a report for Matthew Merrell. *See* R. Doc. 41-3. Instead, Plaintiff had mistakenly attached an expert report for a different matter. R. Doc. 41-4.

Defendant did not inform Plaintiff of this error. Instead, on January 31, 2025, it elected to file a motion to strike Plaintiff's experts, retained and non-retained. R. Doc. 41. Now made aware of its error, Plaintiff the same day emailed Defendant Matthew Merrell's "expert engineering report" ("the Merrell Report"). *See* R. Doc. 52-1 at p. 3. Defendant nonetheless filed a separate motion to strike the Merrell Report. R. Doc. 52.

Also at bar are Defendant's Motion to Strike Plaintiff's Witness and Exhibit Lists, R. Doc. 42, and Plaintiff's Motion to Strike Defendant's Experts, R. Doc. 44. Plaintiff submitted its Witness and Exhibit List on January 17, 2025. R. Docs. 34, 35. It also submitted a supplemental Exhibit List on July 11, 2025. R. Doc. 80. The Witness List has over 65 lay witness listings, many without names. *See* R. Doc. 36. Plaintiff's exhibits are not Bates numbered. *See* R. Docs. 35, 80.

Defendant, however, did not submit a Rule 26 disclosure. *See* R. Doc. 44-1. Instead, it sent Plaintiff a timely email on February 3, 2025, attaching a joint expert report from Lori Cox and Neil Wright of ProNet Group, Inc., Defendant's retained experts. R. Docs. 44-4, 44-5. Lori Cox is a professional engineer, who is expected to provide expert engineering testimony regarding the scope of the loss. R. Doc. 36. Neil Wright is a building consultant, who is expected to provide expert testimony regarding the cost to repair storm related damages. *Id.* Defendant claims it does not plan to present any non-retained expert testimony. R. Doc. 50.

## LAW & ANALYSIS

1. **Legal Standard**

This district has long disfavored motions in limine. *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (internal citations omitted). "[A] motion in limine [] prohibit[s] opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind." *MGMTL, LLC v. Strategic Tech.*, No. 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022) (internal quotations omitted).

Federal Rule of Evidence 403 allows the Court to exclude prejudicial evidence. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice…means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (internal quotations omitted). "Relevant evidence is inherently prejudicial; but it is only *unfair prejudice*, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993) (emphasis added). "The exclusion of evidence under Rule 403 should occur only sparingly[.]" *Id.* "[E]vidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020).

4

2. <u>**Motions to Exclude Expert Witnesses—R. Docs. 41, 44, 52.**</u>

Both sides seek to exclude the other's expert witnesses for failing to comply with Rule 26.
R. Docs. 41, 44, 52.

The Federal Rules of Civil Procedure impose disclosure requirements on proponents of expert testimony. Fed. R. Civ. P. 26. Rule 26(a)(2)(B) requires written expert reports for retained experts. Disclosure of a witness "*must be accompanied by a written report*—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." *See, e.g.*, *Jackson v. Burger King Corp.*, No. CV 23-905, 2024 WL 2852157, at *2 (E.D. La. May 1, 2024) (quoting Fed. R. Civ. P. 26(a)(2)(B) (emphasis added)). A Rule 26(a)(2)(B) expert report must include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

However, under Rule 26(a)(2)(C), non-retained experts are not required to submit written reports. Fed. R. Civ. P. 26(a)(2)(C). Rather, they must provide a disclosure detailing "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which [they are] expected to testify." Fed. R. Civ. P. 26(a)(2)(C); s*ee also* Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendments (stating Rule 26(a)(2)(C) applies to witnesses who are "not required to provide a report under Rule 26(a)(2)(B) [but] may both testify as a fact witness and also provide expert testimony"). The disclosure requirement for non-retained expert witnesses under Rule 26(a)(2)(C) is "considerably less extensive than the report required by Rule 26(a)(2)(B)" for retained experts. Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendments. District courts have "wide latitude" and "intelligent flexibility" to decide whether non-retained expert testimony is allowed.

*Campbell v. Keystone Aerial Survs., Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998).

When a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), "the party is not allowed to use that information ... to supply evidence on a motion ... or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether a disclosure violation is harmless, courts examine four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

### a. <u>Defendant's Motion to Exclude Plaintiff's Experts, R. Docs. 41, 52</u>

Defendant first moves to exclude all Plaintiff's experts—retained and non-retained. R. Doc. 41. It argues Plaintiff missed the informal and formal Expert Report Deadline, January 7, 2025, and did not provide written reports. R. Doc. 41. For the non-retained experts, Defendant argues the report does not comply with Rule 26(a)(2)(C) because its summaries provide no opinions and scant facts. *Id.* pp. 6-10.

Defendant moves separately to strike the Merrell Report arguing the report is (1) untimely, (2) does not include Merrell's rate sheet or prior testimony history, and (3) is unfairly prejudicial. R. Doc. 52-1 at pp. 3-4. Defendant alleges Plaintiff intentionally withheld the report until after the deposition of Plaintiff's Rule 30(b)(6) deponent, Pastor Jules Boquet, for strategic advantage. *Id.* However, Defendant concedes it eventually did receive the rate sheet and prior testimony history on February 11, 2025. R. Doc. 65 at p. 2.

In opposition, Plaintiff contends that any error was immediately remedied and is harmless.

R. Docs. 54, 62. Plaintiff attempted to email its Rule 26 expert report and designations by the informal deadline of January 7, 2025. R. Doc. 54 at p. 2. When Defendant's counsel said that it did not receive certain documents, Plaintiff re-sent the expert reports and disclosures the next day, January 8, 2025. R. Doc. 54-1 at p. 1. While Plaintiff concedes it had mistakenly attached the wrong expert report, Plaintiff maintains this error was harmless because it was unaware of this mistake until Defendant filed its motion to strike, January 31, 2025, and the error was immediately remedied. R. Doc. 54 at p. 4. In sum, Plaintiff argues that its incidental mistake should not warrant wholesale exclusion of its experts. *Id.* at pp. 2-11. As to the non-retained experts, Plaintiff maintains it complied with Rule 26(a)(2)(C) by providing in the disclosure the subject matter and a brief summary of the facts and opinions to which the witnesses are expected to testify to. *Id.* at pp. 11-14.

Starting with Plaintiff's retained experts, the Court finds this untimely production harmless and will allow retained expert testimony.

The first factor, the importance of the evidence, weighs in favor of allowing Plaintiff to submit late Rule 26(a)(2)(B) reports. Plaintiff's retained experts are a licensed flood adjuster, Fried, and two structural engineers, Nelson and Merrell, who will testify to the scope, extent, and causation of the damages the Buildings suffered during Hurricane Ida. Testimony on the extent and causation of property damages is central to Plaintiff's case—allegations that Defendant insurer did not properly adjust and settle Plaintiff's insurance claim. *See, e.g.*, *Wunstell v. Clear Blue Specialty Ins. Co.*, No. CV 22-975, 2022 WL 6113109, at *4 (E.D. La. Oct. 7, 2022) (finding the plaintiff's proposed expert testimony, a licensed insurance adjuster and damages consultant, essential in a similar hurricane insurance dispute). Indeed, Plaintiff cannot proceed without

testimony concerning causation. *Id.* (citing *Ferguson v. State Farm Ins. Co.*, No. 06-3936, 2007 WL 1378507 (E.D. La. May 9, 2007); *Royal Manufactured Homes, LLC v. N.H. Ins. Co.*, No. 6:09-1063, 2011 WL 3468391, at \*4 (W.D. La. Aug. 5, 2011)).

Second, there is little prejudice to Defendant. Plaintiff's initial production was untimely by one day. Plaintiff has now sent Defendant reports for all proposed retained experts, including the rate sheet and prior testimony history. R. Doc. 54 at p. 4; R. Doc. 65 at p. 2. At this point, Defendant has had complete expert reports for over five months. While there might be minimal prejudice because Defendant was not able to examine Pastor Boquet's statements in the Merrell report during his deposition, such prejudice does not substantially outweigh the probative value of the Merrell report. The Merrell report is certainly probative in this Hurricane Ida insurance dispute. Also, Defendant has no evidence to suggest Plaintiff's good faith attempts to comply with the expert deadline amount to intentional withholding. Defendant has had the opportunity to depose Boquet and will have the opportunity to cross-examine him and Plaintiff's retained experts at trial. Defendant is not completely in the dark and has sufficient notice of Plaintiff's proffered retained expert testimony. *See Smooth v. Biomat USA, Inc.*, No. CV 23-6456, 2024 WL 3219209, at \*2 (E.D. La. June 28, 2024) (a complete Rule 26(a) production and opportunity to examine or depose witnesses indicate little or no prejudice).

However, the third and fourth factors do arguably weigh in favor of exclusion. A continuance will not remedy any prejudice. Trial begins in a little less than a month, on August 4, 2025. Neither party has requested a continuance and "[a] continuance at this eleventh hour is neither appropriate nor in the interests of justice." *Briley v. Aquarius Boat Corp.*, No. 05-5711, 2007 WL 4532240, at \*1 (E.D. La. Feb. 22, 2007). Fourth, Plaintiff does not provide a proper

justification for failure to abide by the deadlines. Through Plaintiff's negligence alone it missed the Court's expert report deadline and the four-day informal extension. Plaintiff did not provide a full and complete Rule 26(a) expert report for all retained experts until February 11, 2025, more than a month after its deadline. While Plaintiff's error was unintentional, it is not Defendant's responsibility to correct Plaintiff's expert reports or ensure its compliance with this Court's orders.

Nevertheless, the Court finds that the balance of these factors does not warrant exclusion of Plaintiff's retained experts for untimeliness. *See, e.g.*, *Wuntsell*, 2022 WL 6113109 at *4 (holding that an untimely Rule 26(a) expert report should not be excluded because the importance of the evidence and lack of prejudice outweighed the unavailability of the continuance and lack of proper justification for the delay).

The above analysis does not fully apply to Plaintiff's non-designated experts. Defendant independently argues Plaintiff's non-retained expert disclosures do not comply with Rule 26(a)(2)(C), because the disclosures provide no opinions and scant facts to support the proffered testimony. R. Doc. 41-1 at pp. 6-10. The Court agrees in part and will exclude some witnesses.

Plaintiff's purported non-expert disclosures do not satisfy Rule 26(a)(2)(C). Plaintiff lists twelve non-retained witnesses who evaluated damages to the Buildings during the initial evaluation. R. Doc. 41-3. These non-retained expert disclosures are replete with conclusory, vague, or otherwise non-satisfactory statements. These include statements such as "[expert] [is] expected to testify in accordance with their estimates, reports and submissions" or will testify "based on [expert's] opinions and observations" regarding "insured premises, causation, and the scope of the damages and repair, and including damage caused by mold and water damage losses, moisture intrusion, moisture and air quality testing, environmental testing, assessments and industrial

hygiene assessments, asbestos testing and abatement, demolition." *See id.* Plaintiff previously provided Defendant such estimates and invoices. At best, some disclosures provide a generic opinion such as "damages…[] were caused by water intrusion and mold." *Id.* at p. 4. But nowhere do the disclosures provide specific factual allegations.

Vague and conclusory statements regarding what experts will opine and the basis for those opinions do not sufficiently constitute "a summary of the facts and opinions to which the witness[es] [are] expected to testify" under Rule 26(a)(2)(C). *Mahar v. Nat'l R.R. Passenger Corp., No.* CV 20-2994-WBV-DMD, 2022 WL 1102221, at *4 (E.D. La. Apr. 13, 2022). While "Courts must take care against requiring undue detail" in Rule 26(a)(2)(C) disclosures, courts in this Circuit have repeatedly made clear that the summary disclosure should, at the very least, provide an abstract, abridgement, or compendium of the opinion and facts supporting the opinion. *Id.* (citing *Rea v. Wisconsin Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *5 (E.D. La. Oct. 3, 2014); *Hooks v. Nationwide Housing Systems, LLC*, Civ. A. No. 15-729, 2016 WL 3667134, at *4 (E.D. La. July 11, 2016) (generic statement that witness planned to testify "about facts, data, and symptoms they observed" did not comply with Rule 26(a)(2)(C)); *see also Logan v. Westfield Insurance Company*, Civ. A. No. 17-29, 2020 WL 412216, at *8 (W.D. La. Jan. 24, 2020) (a Rule 26(a)(2)(C) expert disclosure was insufficient because "it provides absolutely no detail about the causation opinions…[and]…does [not] summar[ize] any facts."). In analogous applications of Rule 26(a)(2)(C) for non-retained experts, treating physicians, courts have made clear that "disclosures consisting of [] records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Davis v. Liberty Mut. Fire Ins. Co.*, No. CV 22-1538, 2023 WL 5815779, at *6 (E.D. La. June 22, 2023). "[D]efendants are not required to ascertain for themselves what [] experts

might conclude…without the benefit of adequate Rule 26(a)(2)(C) disclosures." *Id.* Plaintiff's Rule 26 disclosures do not summarize or cite any specific facts that support any expert's ultimate opinion. Therefore, the Court must find them deficient.

While Plaintiff's non-retained expert disclosures do not comply with Rule 26(a)(2)(C), the Court finds some of the faulty disclosures to be harmless. The Court addresses the harmlessness of each expert's disclosure below.

First, non-retained experts from CTSI Environmental, Safety & Health Professionals ("CTSI") will be excluded because the subject matter of their testimony, the extent of damage to the Buildings, is already addressed by the Merrell report. *See* R. Doc. 54-15. Also, the CTSI report contains 102 illegible black photographs that are impossible to read. *Id.* An undecipherable, duplicative report with no summary of opinions or facts severely prejudices Defendant and could confuse the jury.

Next, non-retained expert testimony from Strategic Claims Consultants will be excluded. Ruben Hernandez's and Kyle Herring's testimony admittedly overlaps with Michael Fried's testimony. All the witnesses come from Strategic Claims Consultants, and would testify to damage valuation using the Xactimate software. *See* R. Doc. 41-3 at p. 3. Non-retained expert testimony insofar as it is duplicative of Fried's testimony prejudices Defendant and will be excluded.

However, the Court will admit Ryan Miller, Cole Ogden, and Charles Summery from Cotton Commercial USA, Inc. ("Cotton Commercial") as non-retained experts because their testimony concerns subject matters not covered by the retained experts: removal, asbestos abatement services, and water intrusion and mold damages reported during the claims process. *See* R. Doc. 41-7. Furthermore, Defendant has had the Cotton Commercial report for months and the

11

report puts Defendant on sufficient notice as to their testimony. Lastly, the testimony is important to Plaintiff's claims and any prejudice is minimal.

The Court will exclude the non-retained expert testimony of Jason Maloney, Sean Mulhearn, and Adam McEvoy of Terracon Consultants, Inc. The Terracon Consultant Report is a subcontractor's summary of the Asbestos Abatement work performed for Cotton Commercial on the Buildings' renovation. *See* R. Doc. 41-8. The report and the disclosure contain no summary of facts and opinions to which the proffered experts will testify to. *Id.* At best, the Terracon Consultant Report merely describes certain work that was done to the Buildings. *See id.* Because the Asbestos Abatement work is contained in the Cotton Commercial Report, exclusion of these non-retained experts is not measurably detrimental to Plaintiff's case. However, allowing three non-retained experts to testify without any summary of their opinions or facts could be prejudicial to Defendant.

The Court will nonetheless admit non-retained expert testimony from Harold Farlow, Sr., James Dobson, Jenny Medrano, Daniel Rasband, and James Thompson, III. Each witness's testimony concerns a subject matter not addressed by another: performance of environmental services, structural and general engineering damages, and restoration of the HVAC system. The Rule 26 summaries for each witness, despite not being sufficiently descriptive to comply with Rule 26, fail to be so generic as to keep Defendant in the dark on their proposed testimony. *See* R. Doc. 41-3 at pp. 5,7.

The remaining proposed non-retained expert witnesses will be stricken. The summary for each witness is particularly general, the subject matter is already addressed by another non-retained expert, and the testimony is of little importance to Plaintiff when compared to the potential

prejudice to the Defendant.

To summarize, the Court will admit non-retained expert testimony from Ryan Miller, Cole Ogden, Charles Summery, Harold Farlow, Sr., James Dobson, Jenny Medrano, Daniel Rasband, and James Thompson, III. All other non-retained expert testimony in Plaintiff's Rule 26 disclosure is stricken. The Court denies Defendant's attempt to exclude Plaintiff's retained expert testimony.

### b. **Plaintiff's Motion to Exclude Defendant's Expert Witnesses, R. Doc. 44**

Plaintiff moves to exclude Defendant's experts. R. Doc. 44. It argues, under Rule 26(a)(2), a separate written witness disclosure must accompany expert reports. R. Doc. 44-1 at pp. 4-6. Plaintiff contends, because Defendant did not provide a separate written disclosure for its retained expert reports, Defendant cannot present any expert testimony. *Id.* Defendant's opposition argues Rule 26(a)(2)(B) does not require a separate written disclosure for retained expert witnesses. R. Doc. 50. Only for non-retained experts under Rule 26(a)(2)(C) must a party, according to Defendant, provide a specific written expert disclosure in lieu of a written expert report. *See id.* Defendant argues it satisfied Rule 26(a)(2)'s disclosure requirements because it previously disclosed its retained expert witnesses to Plaintiff well before the expert deadline, provided a compliant expert report, and does not intend to introduce any non-retained expert testimony.

The Court agrees with Defendant and will not exclude Defendant's retained expert testimony. First, Rule 26(a)(2)(A) requires a party to "disclose to the other parties *the identity* of any witness it may use at trial." Fed. R. Civ. P. 26(a)(2)(A) (emphasis added). Defendant disclosed the identity of its retained expert witnesses well before the expert deadline. It disclosed the identity of Lori Cox and Neil Wright, on December 3, 2024, during an inspection of the Buildings. *See* R. Doc. 50-1. Next, Rule 26(a)(2)(B) requires retained experts to provide a written expert report;

"disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Defendant timely submitted a joint expert report for both Lori Cox and Neil Wright, and Plaintiff does not allege that the report is deficient. R. Doc. 44-1 at p. 3; R. Doc. 44-5. Nothing more is required, and Defendant's retained expert disclosure complies with Rule 26(a)(2). Rule 26(a)(2)(C)'s written disclosure requirement only applies to "*witnesses who do not provide a written report*" i.e., non-retained experts. Fed. R. Civ. P. 26(a)(2)(C). Defendant concedes it "has no intention of calling non-retained experts" identified in its initial witness disclosures. R. Doc. 50 at p. 1. Accordingly, these eleven (11) witnesses cannot provide any form of expert testimony, and their testimony is limited to lay witness fact testimony. Defendant's retained experts, Lori Cox and Neil Wright, may however provide expert testimony.

3. **Defendant's Motion to Strike Plaintiff's Witness and Exhibit List, R. Doc. 42**

Lastly, Defendant asks the Court to exclude or strike Plaintiff's witness and exhibit lists. R. Doc. 42. It argues Plaintiff's Witness List should be stricken because it is overbroad, naming over 100 lay witnesses, and does not properly identify each witness thereby violating Rule 26. *Id.* Defendant also argues that Plaintiff's Exhibit List violates the Court's scheduling order because its exhibits are not Bates stamped. *Id.*

The Court agrees and will strike both lists. As for Plaintiff's Witness List, it spans over 65 listings with over 100 possible names. Many of the listings are plainly defective under Rule 26 because they do not identify the witness's name, let alone an address or their associated entity. *See* R. Doc. 35. This case presents a simple question: did Defendant breach the insurance contract and act in bad faith when adjusting and settling Plaintiff's Hurricane Ida claim. 100 lay witnesses are

14

unnecessary, redundant, and clearly prejudicial to Defendant. Furthermore, the Court cannot determine whether the disclosure was harmless because it does not know why 100 lay witnesses are essential to Plaintiff's case. The Court will, nonetheless, allow Plaintiff a limited window to shorten and present an updated witness list of all the lay witnesses it intends to present at trial.

The Court finds similar errors in Plaintiff's exhibit lists. R. Doc. 34, 80. The Court's scheduling order requires "each party [to produce] a list and description of **Bates numbered exhibits** intended to be introduced at the trial." R. Doc. 19-1 at p. 5 (emphasis in original). Plaintiff fails to deny that its proposed exhibits are not numbered. *See* R. Doc. 55. Therefore, its exhibit list is in violation of the Court's order. However, the Court will also provide Plaintiff a limited window in which it can number its exhibits properly rather than forbid Plaintiff from presenting its case.

<u>**CONCLUSION**</u>

Considering the reasons set forth above,

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Witnesses, R. Doc. 41, is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion to strike Plaintiff's retained experts is **DENIED**. Defendant's motion to strike Plaintiff's non-retained experts Ryan Miller, Cole Ogden, Charles Summery, Harold Farlow, Sr., James Dobson, Jenny Medrano, Daniel Rasband, and James Thompson, III is **DENIED**. Defendant's motion to strike the remaining non-retained experts of Plaintiff is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Engineering Report, R. Doc. 52, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Plaintiff's Expert Witnesses, R. Doc. 44, is **DENIED**. Defendant is however cautioned that it cannot present any

non-retained expert witness testimony.

      **IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Witness and Exhibit List, R. Doc. 42, is **GRANTED**. Plaintiff is granted leave until <u>Friday, July 18, 2025, at 11:59 p.m.</u> to provide the Court and opposing counsel a compliant Witness List and an Exhibit List with Bates numbering.

      New Orleans, Louisiana, this 16th day of July 2025.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

16